IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Village of Jewett, | : | |
| Plaintiff | : | Civil Action 2:14-cv-00175 |
| v. | : | Judge Graham |
| North American Coal Royalty Company, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# ORDER

This matter is before the Magistrate Judge on the State of Ohio's September 26, 2014 motion to intervene (doc. 22) and its motion for leave to file a motion to intervene *instanter* (doc. 23).

The Ohio Attorney General moves to intervene in this action on behalf of the State of Ohio pursuant to 28 U.S.C. § 2403(b) and Rule 5.1(c) of the Federal Rules of Civil Procedure. The Ohio Attorney General has an interest in defending the constitutionality of Section 5301.56 of the Ohio Revised Code, which defendant North American Coal Royalty Company has challenged.

On February 19, 2014, plaintiff Village of Jewett initiated this action. On its answer, defendant North American Coal Royalty Company alleged that Ohio Revised Code § 5301.56, the Dormant Mineral Act ("DMA"), as enacted in 1989, is unconstitutional. Defendant alleged that because the 1989 version of the DMA did not

1

require advance notice and an opportunity to be heard before mineral interest holders were divested of their mineral interests, it violated Article I, Section 19 of the Ohio Constitution and the Due Process Clause of the United States Constitution. On May 19, 2013, upon agreement of the parties, the Court ordered a stay of this case. *See* doc. 19.

On May 30, 2014, the Ohio Attorney General informed the Court that he did not wish to participate in the case, although he reserved the right to participate in the case at a later date. Now the Ohio Attorney General asserts that the constitutionality of Ohio Revised Code § 5301.56 is an issue of statewide concern that requires his participation and seeks to intervene in this matter.

Defendant North American Coal Royalty Company opposes the motion to intervene. Defendant argues that State of Ohio seeks to intervene 158 days after defendant filed and served the State with its answer in which it alleged that the 1989 version of the DMA violated the Ohio constitution and 120 days after the State informed the Court that it would not participate in this case. Defendant maintains that the Ohio Attorney General has failed to offer any authority to excuse the untimely motion to intervene. Defendant also argues that the State's intervention is unnecessary because the States interest is the same as plaintiff's interest in this case. According to defendant, the State is a landowner that, like plaintiff, has specifically laid claims to oil and gas rights in Harrison County that are covered by the same oil and gas lease at issue in this case. Defendant maintains that it is unlikely that the Court will reach the merits of its constitutional challenge because there are multiple statutory grounds that would allow

the Court to dispose of this case without adjudicating the constitutional issue. Defendants further argues that the State has long been aware of the importance of the DMA and that nothing has changed since the State elected not to participate in May 2014. Defendant maintains that there is not reason why the State should not have to live with its original decision to not participate in this case.

Under 28 U.S.C. § 2403(b) and Rule 5.1(c), a state has the right to intervene when the constitutionality of a state statute is challenged. A state has sixty days in which to intervene after the notice is filed or the court certifies a constitutional challenge. The State of Ohio notes that the action was stayed less than thirty days after defendant North American Coal's filed its answer and counterclaim. On May 19, 2014, the Court stayed this action, and defendant North American Coal Royalty Company has not shown it would be prejudiced if the State is permitted to intervene beyond the normal sixty-day filing period under Rule 5.1.

The Advisory Committee Note to Rule 5.1 indicate that the court may extend the sixty-day period on its own or on a motion. Here, the State of Ohio seeks an extension of the sixty-day period. The State of Ohio's request is GRANTED. Ohio's interest is limited to defending the constitutionality of the DMA, and if the Court reaches this issue, Ohio is permitted to defend the statue's constitutionality.

Accordingly, the State of Ohio's September 26, 2014 motion to intervene (doc. 22) and its motion for leave to file a motion to intervene *instanter* (doc. 23) are GRANTED.

s/Mark R. Abel
United States Magistrate Judge

3